# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

SAMUEL HOCKMAN, )
)
Plaintiff, )
)
v. ) No. 1:22-cv-00058-SNLJ
)
ZACHARY COOLEY, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Samuel Hockman for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $20.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his inmate account statement. (Docket No. 7). The account statement shows an average monthly deposit of $100.00. The court will therefore assess an initial partial filing fee of $20.00, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Pemiscot County Jail in Caruthersville, Missouri. At the time relevant to this complaint, however, he was a pretrial detainee at the Shannon County Jail in Eminence. (Docket No. 1 at 2). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, naming Jailor Zachary Cooley, Jail Administrator Dustin Lyon, and the Shannon County Sheriff's Department as defendants. (Docket No. 1 at 1-3). Jailor Cooley and Administrator Lyon are sued in both their official and individual capacities. (Docket No. 1 at 2-3). The complaint contains allegations regarding excessive force, denial of grievances, denial of medical care, and unconstitutional conditions of confinement.

In the "Statement of Claim," plaintiff asserts that Jailor Cooley "stomped [his] knee [in] the wrong direction." (Docket No. 1 at 3). Based on this, he states that Cooley "assaulted [him]." Furthermore, he alleges that Cooley "would not give [him] a grievance or medical care," even though his "knee was purple for a week."

3

Regarding Jail Administrator Lyon, plaintiff alleges that Lyon "would not give [him] medical care or a grievance form, and condoned [Jailor Cooley's] actions."

Plaintiff also alleges that the "jail locked [him] in a cell with urine and feces leaking out onto the floor," "denied [him] medical care at multiple times," and "denied [him] soap and [hygiene] supplies."

Attached to the complaint is a supplement providing additional factual allegations. (Docket No. 1-1 at 1). In the supplement, plaintiff contends that his "civil rights were violated" on "multiple occasions" while he was in the Shannon County Jail.

First, plaintiff alleges that on March 29, 2022, "the jailor kicked [his] knee, bending it [in] the wrong direction." He states that this occurred on camera and in front of other inmates. Plaintiff's "knee was severely bruised and has hurt [him] ever since," but when he told the jailor he "was seriously hurt," the jailor "laughed at" him, and then moved him to a bunk where plaintiff "had to climb to get into [his] bed."

Next, plaintiff complains that the toilet in his cell "leaked…urine and feces out onto the floor steadily," and that "the cell is full of black mold." In addition, he states that the jail failed to supply him or his cellmates with soap or hygiene supplies for the duration of his stay, and that his family had to bring soap for them.

Finally, plaintiff accuses the Shannon County Jail of failing to provide heat during the winter months. According to plaintiff, the jail posted a message on Facebook asking "the community for heaters." The community responded by donating propane heaters. Plaintiff alleges, however, that the inmates were all "locked…in one cell," without any "ventilation to let out the carbon monoxide." He further explains that Administrator Lyon has been "listed as a defendant" because "on multiple occasions" he made Lyon "aware of the situation." (Docket No. 1-1 at 2).

Plaintiff states that he suffered a dislocated knee from being kicked, and that he has endured "constant puking and [diarrhea] from inhuman living conditions." (Docket No. 1 at 4). As such, he seeks $1,500,000 in damages. (Docket No. 1 at 5).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing defendants of various constitutional violations while he was a pretrial detainee at the Shannon County Jail. Because he is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's complaint is deficient and subject to dismissal. Instead of dismissing outright, though, plaintiff will be given the opportunity to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal for six reasons. First, plaintiff has named the Shannon County Sheriff's Department as a defendant. A sheriff's department, however, is not a suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such").

Second, plaintiff's official capacity claims against defendants Cooley and Lyon are treated as being made against Shannon County, their employer. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). To assert a claim against the county, plaintiff must allege the existence of an unconstitutional policy or custom, or a deliberately indifferent failure to train or supervise. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018)

5

(recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Here, plaintiff presents no such facts.

Third, plaintiff has not adequately stated an excessive force claim against Jailor Cooley. Certainly, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the use of excessive force amounting to punishment. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). The focus of such a claim turns on whether the purpose of the force was "to injure, punish, or discipline the detainee." *See Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). Here, plaintiff describes being kicked, but provides no facts regarding the purpose of this force. That is, he has not demonstrated that Jailor Cooley used force to punish him, or whether he actually used force in an attempt to restore order or discipline. For example, plaintiff has not alleged that he was obeying jail rules, that he was not being disruptive, or that he was complying with directives.

Fourth, plaintiff's claims regarding grievances or the grievance process are not cognizable under 42 U.S.C. § 1983, because the grievance procedure does not provide him with a substantive right. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Fifth, plaintiff asserts that defendants have been deliberately indifferent to his medical needs, but has not provided any facts to support this contention. In order to state a claim, he must do more than simply provide a label or conclusion, or list a cause of action. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice").

Sixth, plaintiff has improperly joined unrelated claims. Specifically, the bulk of his complaint is devoted to two seemingly unrelated allegations: an excessive force claim against Jailor Cooley on the one hand, and a conditions of confinement claim encompassing an unhealthy

environment, a lack of hygiene items, and a lack of heat on the other. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). While joinder of claims, parties, and remedies are encouraged under the Federal Rules of Civil Procedure, permissive joinder is not applicable in all cases. *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). In particular, there are two specific requisites for joinder, including the requirement that the asserted right to relief against each defendant must arise out of the same transaction or occurrence. *Id.* As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words: "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Here, plaintiff has attempted to join unrelated claims, which he will not be allowed to do.

Because he is a self-represented litigant, and because he has made serious allegations, the Court will not dismiss the complaint at this time. Instead, plaintiff will be given the opportunity to amend his pleadings according to the instructions set forth below. In preparing his amended complaint, plaintiff **must** follow these instructions. Failure to follow these instructions may result in the dismissal of his claims.

**B. Amendment Instructions**

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-

represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

**The Court will not allow plaintiff to join unrelated claims in his amended complaint.** Thus, the amended complaint should only include claims that arise out of the same transaction or occurrence. **In other words, plaintiff should only include claims that are related to each other**. *See* Fed. R. Civ. P. 20(a)(2).

As noted above, plaintiff's complaint contains seemingly unrelated claims. In particular, he focuses on an incident of excessive force, while also including facts pertaining to unhygienic conditions of confinement. These do not arise out of the same transaction or occurrence, and the Court will not allow him to join these claims. **If plaintiff insists on attempting to join unrelated claims, those unrelated claims will be dismissed**. However, if plaintiff has multiple claims

against a **single** defendant, he may name that person and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). For example, if plaintiff is alleging that Jailor Cooley used excessive force, he must present facts demonstrating that Cooley used force to punish him, rather than to keep or restore discipline.

Relatedly, if plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group, or to make allegations against one person, and simply attribute those actions

to others. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**C. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity

of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, the Court notes that plaintiff's claim is deficient, and that he has been ordered to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

### D. Motion to Make Instalment Payments

Plaintiff has submitted a letter to the Court that has been construed as a motion to make installment payments. (Docket No. 6). In the motion, plaintiff notes that he cannot pay the filing fee all at once, and asks to make "payments on the filing fee" amounting to "20% of any deposits made to [his] account." As discussed above, the Court has granted plaintiff's motion for leave to proceed in forma pauperis and has calculated an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(2). Therefore, the motion will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $20.00 within **thirty (30)** days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket

No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion to make installment payments (Docket No. 6) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 4th day of August, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE