# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL HOCKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00058-SNLJ |
| ) | |
| ZACHARY COOLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On August 4, 2022, plaintiff Samuel Hockman was ordered to file an amended complaint within thirty days. (Docket No. 9). More than thirty days have elapsed, and plaintiff has not complied. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Pemiscot County Jail in Caruthersville, Missouri. On April 29, 2022, he filed a prisoner civil rights action pursuant to 42 U.S.C. § 1983, naming Jailor Zachary Cooley, Jail Administrator Dustin Lyon, and the Shannon County Sheriff's Department as defendants. (Docket No. 1). Jailor Cooley and Administrator Lyon were sued in both their official and individual capacities. The complaint contained allegations regarding excessive force, denial of grievances, denial of medical care, and unconstitutional conditions of confinement.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). On August 4, 2022, the Court granted the motion and assessed an initial partial filing fee. (Docket No. 9).

Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's complaint was subject to dismissal for several reasons, including a failure to state a claim, and improper joinder of unrelated claims. Rather than dismissing outright, however, plaintiff was given the opportunity to file an amended complaint, and provided instructions on how to do so. To further aid his compliance, the Court directed the Clerk of Court to send him a copy of the Court's prisoner civil rights complaint form. Plaintiff was given thirty days in which to file an amended complaint, and advised that his failure to amend would result in the dismissal of this action without prejudice and without further notice.

On August 15, 2022, the Court received a letter from plaintiff seeking the status of his case. (Docket No. 10). In response, the Clerk of Court mailed to plaintiff a copy of the docket sheet. Plaintiff has had no further contact with the Court.

**Discussion**

Even though he is a self-represented litigant, plaintiff must still comply with the Court's orders and with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (noting that self-represented "litigants are not excused from compliance with substantive and procedural law"). Furthermore, the Court may dismiss an action under Rule 41(b) on its own motion. *Id.* (stating that the "district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for the plaintiff's

failure to comply with any court order," and that "[a] court may so dismiss on its own initiative"). *See also Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court").

In this case, as set forth above, plaintiff was ordered to file an amended complaint on a Court form on August 4, 2022. He was given thirty days to comply. The amended complaint was due on or before September 6, 2022. In the order, plaintiff was warned that his failure to file an amended complaint would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file his amended complaint has expired. Indeed, the Court has given him substantially more than thirty days in which to comply. Despite being given additional time, plaintiff has not submitted an amended complaint, nor has he sought an extension of time in which to do so.

Because plaintiff has not filed an amended complaint pursuant to the Court's order of August 4, 2022, and has not requested an extension of time in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of August 4, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 12th day of October, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE